## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

Dennis Gallipeau,                              )
                                               )
              Plaintiff,                 )
                                               )    Civil Action No. 3:22-cv-3418-TMC
    v.                                       )
                                               )              **ORDER**
                                               )
State Law Enforcement Division,                )
Sheriff of Richland County,                    )
and Caraly Alvarez,                            )
                                               )
              Defendants.                 )
_____ )

    Presently before the court is the magistrate judge's Report and Recommendation (the "Report") (ECF No. 43) recommending the court deny *pro se* Plaintiff's motion to remand on jurisdictional grounds (ECF No. 9) but grant Plaintiff's motion to strike (ECF No. 10), which the magistrate judge construed in part as a motion to remand on procedural grounds. As set forth below, the court adopts these recommendations and overrules Defendants' objections.

### I. Background

<u>Previous Remand</u>: *Gallipeau v. SLED et. al*, No. 3:21-cv-00136-TMC (D.S.C. Jan. 13, 2021)

    In December 2020, Plaintiff, a self-represented litigant, filed suit against Defendants South Carolina State Law Enforcement Division ("SLED") and Caraly

Alvarez ("Alvarez"), as well as the Richland County Sheriff's Department ("RCSD"), in the Court of Common Pleas for Richland County, South Carolina, *see Gallipeau*, No. 3:21-cv-00136-TMC, Dkt. 1-1 (Jan. 13, 2021)..  Plaintiff asserted that this "is an action seeking injunctive relief, actual, compensatory and punitive damages, alleging acts of gross negligence under the South Carolina Tort Claims Act and violations of the state constitution." *Id*. at 2.  Count 1 of the complaint asserted a state law claim against SLED and RCSD, while Count 2 asserted a state law claim against Alvarez, an investigator employed by RCSD.  *See id*. at 3–9.  The complaint also appeared to allege in passing that Defendants violated Plaintiff's federal rights as well.  *See generally id*.  On January 13, 2021, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1446. *Gallipeau*, No. 3:21-cv-00136-TMC, Dkt. 1 (Jan. 13, 2021).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

On January 19, 2021, Plaintiff filed a motion to remand the action to state court. *Gallipeau*, No. 3:21-cv-00136-TMC, Dkt. 10 (Jan. 19, 2021).  The magistrate judge subsequently issued a Report, concluding that even though Plaintiff's complaint alleged Defendants had been deliberately indifferent to his state and federal rights, "[a] mere reference to federal law in the complaint is not sufficient to establish federal question jurisdiction." *Gallipeau*, No. 3:21-cv-00136-TMC, Dkt.

17 at 7 (Feb. 16, 2021).  Applying a liberal construction to the complaint in light of Plaintiff's *pro se* status, the magistrate judge found that Defendants failed to establish either that Plaintiff's right to relief necessarily depended on a question of federal law or that any such question of federal law was substantial and recommended that the action be remanded to state court. *Id*. at 7–8.  Defendants did not object to that Report, and the court adopted the magistrate judge's recommendation and remanded the case to state court. *See Gallipeau v. SLED et. al*, No. 3:21-cv-136-TMC, 2021 WL 880467, at *1 (D.S.C. Mar. 9, 2021).

Upon remand to state court, RCSD and Alvarez filed a motion for judgment on the pleadings, arguing in part that "RCSD is not a legal entity . . . amenable to suit and is not the proper party defendant in this case."  (ECF No. 20-1 at 3 ¶ 18).  In response, Plaintiff filed a motion seeking to amend the complaint and attached a proposed amended complaint in which he replaced RCSD as a named party defendant with the Sheriff of Richland County ("the Sheriff").  (ECF No. 31-1).  The proposed amended complaint also added a claim against Defendant Alvarez pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights. *See id*. at 12–13.

On September 21, 2022, the state court held a hearing on Plaintiff's motion to amend the complaint and Defendants' motion for judgment on the pleadings.  (ECF

No. 30-1 at 66).  Following the hearing, the state court entered an order stating, in

pertinent part, as follows:

> Plaintiff, appearing Pro Se, and Defendants, represented by
> [counsel], were present. At the hearing, Defendants
> consented to Plaintiff's Motion to Amend Complaint.
> Therefore, Defendant's Motion for Judgment on the
> Pleadings is moot as a result of this consent. Defendants
> then informed the Court of their intention to remove this
> case to federal court based on the additional claims asserted
> in Plaintiff's proposed Amended Complaint. Plaintiff
> informed the Court of his intention to file his Amended
> Complaint the day after the hearing concluded.

*Id*.

Accordingly, Plaintiff filed the amended complaint in state court, changing

the caption to name SLED, Alvarez, and the Sheriff (instead of RCSD) as

Defendants and asserting a § 1983 claim against Alvarez.  (ECF No. 1-2).  The

certificate of service states that Plaintiff served the amended complaint via mail upon

counsel for SLED and counsel for Defendants Alvarez and the Sheriff on September

22, 2022.  (ECF No. 1-3).  The amended complaint was file stamped by the state

court on September 27, 2022.  (ECF No. 1-2 at 1).  Defendants have not challenged

service of the amended complaint.

Matters Presently Before the Court

On October 4, 2022, counsel for Alvarez and RCSD filed a Notice of Removal (the "NOR") based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and attached a consent to removal signed by counsel for SLED.  (ECF Nos. 1; 1-1).  The action, having been removed for the second time, was assigned a new civil action number: 3:22-cv-3418-TMC.  The NOR used the previous caption which named RCSD and Alvarez as defendants and stated that "[a]ll Defendants named herein consent that this action be removed from the Court of Common Pleas in the County of Richland, State of South Carolina, to the United States District Court for the District of South Carolina."  (ECF No. 1 at 2).  The NOR and SLED's consent both state that Plaintiff served the amended complaint on September 22, 2022.  *See id.*; (ECF No. 1-1).

SLED filed its answer to the amended complaint on October 7, 2022.  (ECF No. 8).  On October 11, 2022, Plaintiff filed a motion to remand (ECF No. 9) and a motion to strike the NOR (ECF No. 10).  That same day, counsel filed an answer to the amended complaint on behalf of Alvarez and the Sheriff.  (ECF No. 11).  Unlike the NOR, the answer filed by Alvarez and the Sheriff captioned the action to reflect the Defendants named in the amended complaint and answered the allegations on behalf of the Sheriff instead of the RCSD.  *See id.*

In his motion to remand, Plaintiff acknowledges that the amended complaint added a cause of action under 42 U.S.C. § 1983 alleging Alvarez violated his rights

under federal law but appears to argue that remand is appropriate because federal courts do not have exclusive jurisdiction over § 1983 claims and his state claims must be decided in state court. (ECF No. 9 at 2). In response to Plaintiff's motion to remand, Alvarez and the Sheriff contend that Plaintiff's motion concedes federal question jurisdiction exists but reflects a misapprehension of a federal district court's power to exercise supplemental jurisdiction "'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" (ECF No. 18 at 2–3 (quoting 28 U.S.C. § 1367(a))). SLED filed an identical response. (ECF No. 16).

In his motion to strike, Plaintiff asks the court to strike the NOR and return the case to state court because Defendants failed to comply with removal procedures as prescribed by federal law and because Defendants failed to comply fully with Rules 26.01 and 26.02 of the Local Civil Rules for the United States District Court for the District of South Carolina. (ECF No. 10-1). Plaintiff also argues the NOR is defective and remand is warranted because the NOR does not name the Sheriff and, technically, the Sheriff did not file the NOR or consent in the removal of the action to federal court—RCSD did. *Id*. at 1. Alvarez and the Sheriff argue that Plaintiff's motion to "strike" is presumably made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure which only permits a district court to strike

"redundant, immaterial, impertinent, or scandalous matter" *from a pleading*.  *See* (ECF No. 19 at 1–2 (quoting Fed. R. Civ. P. 12(f))).  SLED takes the same position. (ECF No. 17 at 1–2).  Defendants further argue that any defect in the removal procedure was harmless error as Plaintiff was aware that the action was being removed for a second time and immediately filed a second motion to remand.  (ECF Nos. 17 at 3; 19 at 3).

<u>The Report</u> (ECF No. 43)

*Motion to Remand*

In the Report, the magistrate judge noted "Plaintiff concedes that the Court has subject matter jurisdiction over the § 1983 claim against Defendant Alvarez" but "nonetheless requests that the Court remand the case to state court on jurisdictional grounds."  (ECF No. 43 at 5–6).  The magistrate judge concluded that "because the Court has subject matter jurisdiction over the § 1983 claim, 'the entire case met the criteria for removal,' . . . [as] the asserted state law causes of action are so related to the federal cause of action that they form part of the same case or controversy, [allowing] the Court [to] exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a)."  *Id*. at 7 (quoting *Stewart v. North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005)).  Therefore, the magistrate judge found no basis for remand on jurisdictional grounds and recommended that the court deny Plaintiff's

motion to remand (ECF No. 9) on that basis.  (ECF No. 43 at 7).  None of the parties filed objections as to this portion of the Report.

*Motion to Strike*

The magistrate judge liberally construed Plaintiff's motion to strike as a motion to remand on procedural grounds "[b]ecause the Motion to Strike the Notice of Removal was filed at the same time as the Motion to Remand and raises arguments typically found in a motion to remand."  *Id*.  Specifically, the magistrate judge construed Plaintiff's argument to be that the Sheriff "did not join in the removal" and, therefore, failed to satisfy the rule of unanimity prescribed in 28 U.S.C. § 1446(b)(2).  *Id*.  The magistrate judge agreed with Plaintiff:  "[W]hile the Notice of Removal names SLED, Alvarez, and RCSD as Defendants, it does not name the Sheriff of Richland County in the caption or anywhere else in the Notice of Removal. . . . Thus, the Notice itself is not sufficient to satisfy the rule of unanimity."  *Id*. at 10.

The magistrate judge next considered whether the Sheriff had *otherwise* indicated consent to removal under § 1446(b)(2)(B) in a timely manner.  *Id*. at 11–14.  Pursuant to the removal statute, "all defendants who have been properly joined and served must join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A), and each defendant has 30 days "after receipt by or service on that defendant" to file its consent, *id*. at § 1446(b)(2)(A).  The magistrate judge, finding

the record unclear as to when and how the Sheriff was served with the amended complaint, directed the parties to submit supplemental briefing "addressing the timing and manner of service upon the Sheriff." (ECF No. 32). In Plaintiff's response, he indicated counsel for Alvarez and the Sheriff agreed, "when asked by the court, to accept service of the amended complaint on behalf of the Sheriff." (ECF No. 37 at 1 n.1). On the other hand, Alvarez and the Sheriff responded that the amended complaint was "served upon" counsel on September 27, 2022, via the state court electronic filing system (ECF No. 35 at 1)—a position which contradicts the NOR's representation that the amended complaint was served on September 22, 2022.

Defendants also offered two arguments in the alternative to show that they complied with the prescribed procedures set forth in § 1446. First, Defendants claim that Defendants RCSD and the Sheriff of Richland County are not separate entities but, rather, are the same entity and, therefore, separate consent from the Sheriff was unnecessary in addition to the NOR filed by RCSD's counsel. *Id*. at 2. Second, even if the Sheriff is treated as a distinct entity from RCSD, Defendants argue the Sheriff's consent was not required because, as a new party added by the amended complaint, formal service of process on the Sheriff would have been required. *Id*. Defendants contend that if the Sheriff was a newly added party, then Plaintiff's service on

counsel via mail was ineffective. *Id.* If the Sheriff was not properly served, they argue, then his consent was not required for removal under § 1446(b)(2)(A). *Id.*

The magistrate judge rejected Defendants' contention that the Sheriff's consent was not required, concluding that the South Carolina Rules of Civil Procedure "appear to contemplate acceptance of service by an attorney as the equivalent to personal service," (ECF No. 43 at 13 n.3 (citing S.C. Rule of Civil P. 4(j); *Langley v. Graham*, 472 S.E.2d 259, 261 (S.C. Ct. App. 1996))), and noting that "the Supreme Court of South Carolina has explained that 'parties are generally permitted to agree to particular methods of service or waiving service altogether,'" *id.* (quoting *White Oak Manor, Inc. v. Lexington Ins. Co.*, 753 S.E.2d 537, 541 (S.C. 2014)). The magistrate judge also rejected Defendants' position that the Sheriff joined with the other Defendants in removing the action to federal court because the Sheriff and RCSD are the same entity. *Id.* at 13 ("[N]one of the Defendants cited case law to support their assertion that the Sheriff and RCSD 'are one entity,' such that RCSD's consent to the Notice of Removal is sufficient to constitute the Sheriff's consent.").

The magistrate judge then found that "no party has pointed the Court to anywhere in the record showing the Sheriff's unambiguous consent to removal within thirty days of his service, notwithstanding that he filed an Answer in this action on October 11, 2022," *id.* at 13, and concluded that, "[b]ecause it is not clear,

based on the record presently before the Court, whether removal was procedurally proper, the undersigned finds that the doubts should be resolved in favor of remand," *id.* at 14. Accordingly, the magistrate judge recommended that the court grant Plaintiff's Motion to Strike the Notice of Removal (ECF No. 10) to the extent it can be construed as *pro se* Plaintiff's argument for remand based on procedural grounds and remand this action to state court. *Id.* at 14. Defendants submitted objections (ECF Nos. 45; 46) to this portion of the Report, and the court addresses these objections below.[1]

## II. Legal Standards

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is

---

[1] To the extent Plaintiff is seeking to return the action to state court by having the NOR "struck" under Rule 12(f), the magistrate judge recommended denying the motion, and rightfully so. (ECF No. 43 at 15). A notice of removal is not a pleading subject to the provisions of Rule 12(f). *See, e.g.*, *Bosco Legal Servs., Inc. v. Hiscox Inc.*, EDCV 18-48-GW(SHKx), 2018 WL 3012936, at *5 (C.D. Cal. June 11, 2018) ("Under the express language of the rule, only pleadings are subject to motions to strike" and a "notice of removal [does not] fall under the umbrella of pleadings."). And, to the extent Plaintiff argues that Defendants' answers to certain Local Rule Interrogatories justify striking the NOR and remanding the case as a sanction, the magistrate judge rejected the argument, having found no evidence of bad faith in this regard. (ECF No. 43 at 16). The parties filed no objections to the magistrate judge's conclusions or recommendations as to these issues, and the court finds no error in the magistrate judge's analysis.

made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, "since Plaintiff is proceeding pro se, this court is charged with construing [his] filings liberally in order to allow for the development of a potentially meritorious case." *Parker v. Ward*, No. 3:21-cv-3708-TMC, 2023 WL 1463700, at *2 (D.S.C. Feb. 2, 2023) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

### A.  Motion to Remand (ECF No. 9)

As explained previously, the magistrate judge found no basis for remand on jurisdictional grounds and recommended that the court deny Plaintiff's motion to remand on that basis.  (ECF No. 43 at 7).  Having thoroughly reviewed the Report, the applicable law, and the record as it pertains to this motion, and noting that the parties have opted not to object to this portion of the Report, the court finds no error or basis for deviating from the magistrate judge's recommendation that Plaintiff's motion to remand (ECF No. 9) be denied.

### B. Motion to Strike Notice of Removal (ECF No. 10)

Alvarez and the Sheriff filed objections to the Report (ECF No. 45) and SLED filed separate objections (ECF No. 46).  The two sets of objections overlap substantially and present essentially three challenges to the Report which the court addresses briefly below.

The Defendants contend that the magistrate judge erred in "resolving all doubts in favor of remand."  (ECF No. 45 at 1).  They argue that "the source of this 'rule' is more concerned with the potential absence of subject matter jurisdiction based on uncertainty about whether diversity requirements were met" and that because "there is no doubt regarding subject matter jurisdiction in this case" the "all doubts in favor of remand" standard does not apply.  *Id*. at 2.  The court overrules

this objection as it does not afford a basis requiring the court to deviate from the analysis and recommendations in the Report.  The magistrate judge's statement that "doubts should be resolved in favor of remand" was directed at "whether removal was procedurally proper"—not whether jurisdiction existed.  (ECF No. 43 at 14). The magistrate judge's observation was perfectly appropriate, particularly in light of the fact that Defendants, as the parties seeking removal, bear the burden of demonstrating that removal is proper—which the magistrate judge expressly noted. *See id*.

Next, Defendants object to the Report on the grounds that the magistrate judge incorrectly treated Defendants RCSD and the Sheriff of Richland County as separate and distinct entities.  (ECF Nos. 45 at 3–5; 46 at 2–5).  Defendants offer caselaw in support of their position—caselaw, the court notes, which they did not cite to the magistrate judge.  The caselaw cited by Defendants suggests that RCSD and the Sheriff might be essentially the same entity for purposes of a *claim under § 1983*. *See* (ECF Nos. 46 at 3–4 (citing *Drayton v. Cty. of Charleston*, Civ. A. No. 2:14-3488-RMG, 2015 WL 4937358, *3 (D.S.C. Aug. 13, 2015) ("Official-capacity [§ 1983] suits generally represent only another way of pleading an action against an entity of which an officer is an agent. Therefore, Defendants are correct that Sheriff Cannon, in his official capacity, and CCSO are essentially the same defendant, and the Court dismisses Sheriff Cannon without prejudice." (internal citation and

quotation marks omitted))); ECF No. 45 at 4 n.3 (citing *English v. Clarke*, No. 3:19-cv-2491-JMC-PJG, 2021 WL 4597184, at *3 (D.S.C. June 2, 2021) (noting the Richland County Sheriff's Department is not an entity amenable to suit because it is not a "person" for purposes of § 1983), *report & rec. adopted* by No. 3:19-cv-02491-JMC, 2021 WL 4398371 (D.S.C. Sept. 27, 2021), *appeal dismissed*, No. 21-2232 (L), 2022 WL 1283185 (4th Cir. Apr. 25, 2022)))).  Plaintiff, however, did not assert claims against the Sheriff under § 1983; rather, he seeks relief against the Sheriff under the S.C. Tort Claims Act.  (ECF No. 1-2 at 1).  Accordingly, Defendants' cited caselaw is of limited relevance here.  *See Elrod v. Berkeley Cty. Sheriff's Dep't*, No. 10-CP-08-4453, 2012 WL 10646743, at *2 (S.C. Com. Pl. May 14, 2012) ("The Tort Claims Act is the exclusive remedy available for any tort committed by a governmental entity . . .  Defendant Berkeley County Sheriff's Department is a governmental entit[y] as defined by Section 15-78-30(d). Likewise, Defendant Dewitt, as Sheriff of Berkeley County, is considered a "state official.").  The court, therefore, overrules this objection.

Finally, Defendants argue that even if the Sheriff is treated separately, service did not occur until September 26, 2022, or September 27, 2022, which would have afforded the Sheriff until October 26 or 27 to express consent to removal.  (ECF Nos. 45 at 5–6; 46 at 6–7).  They argue that the Sheriff did express such consent on October 25 by filing a memorandum in opposition to remand (ECF No. 18).  (ECF

Nos. 45 at 6; 46 at 6). This is a new argument that was never presented to the magistrate judge. The court need not consider it; however, even if the court considered it, Defendants have not sufficiently refuted the magistrate judge's finding that counsel accepted service on September 22, 2022, which would be fatal to this objection.

## IV. Conclusion

Accordingly, as set forth above, the court finds no reason to deviate from the recommendations offered in the Report and **ADOPTS** the recommendations set forth in the Report. (ECF No. 43). Therefore, Plaintiff's motion to remand on jurisdictional grounds (ECF No. 9) is **DENIED**; Plaintiff's motion to strike (ECF No. 10), which the court construes as a motion to remand on procedural grounds, is hereby **GRANTED**. This matter is **REMANDED** to the South Carolina Court of Common Pleas for Richland County.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 14, 2023